Hyman Barshay, J.
This is an application to have the court determine whether or not the witness, Dominick Tretola, of Kavy & Kavovitt, Inc., has properly asserted his constitutional privilege against self incrimination with respect to certain questions put to him before a Grand Jury.
The Second Additional Grand Jury of the County of Kings for the September 1961 Term (as extended) is conducting a general investigation dealing with the construction of new homes in a certain area of Kings County. The Grand Jury, as part of that investigation, is seeking to determine whether the crimes of conspiracy, bribery, corruption and other related crimes have been committed by builders, contractors, public officials and other persons in Kings County. This application arises out of such investigation. On March 14,1962 a subpoena duces tecum was served on Kavy & Kavovitt, Inc., returnable the 16th day of March, 1962. The subpoena directed the production of all its corporate books and records from 1957 to the date of the application. On the agreed adjourned date, March 26,1962, Dominick Tretola, the assistant treasurer of Kavy & Kavovitt, Inc., appeared and testified before the Grand Jury, produced certain books and records, identified them and answered some questions relating to the corporation’s activities. Kavy & Kavovitt, Inc., is an architectural firm doing business for and on behalf of certain builders with the Building Department and other city agencies. The following questions were then put to Mr. Tretola by the Assistant District Attorney in charge of the Grand Jury:
“ Q. Mr. Tretola, can you tell this Grand Jury what your duties as assistant treasurer of Kavy & Kavovitt, Inc., are?
“ Q. Could you tell this Grand Jury in whose custody the books which you produced here this morning were and are kept?
*48 “ Q. Mr. Tretola, do you know a person by the name of Bichard I. Powell!
“ Q. Mr. Tretola, has the firm of Kavy & Kavovitt, Inc., of 44 Court Street during the past five years had any business relationship with either Bichard I. Powell, Bobert Powell, the Avenue M Construction Corp., Powell Estates, Inc., or the Donven Bealty Corp.!
“ Q. Mr. Tretola, has the firm of Kavy & Kavovitt, Inc., of 44 Court Street, Brooklyn had any business relationships with any other builder or contractor concerning the construction of homes in the Canarsie or Mill Basin areas of Brooklyn! ”
To each of these questions the witness gave the identical answer, to wit: “ Upon the advice of my counsel I respectfully decline to answer upon the ground that the answer might tend to incriminate me.”
The issue to be determined is whether or not the witness’ assertion of his privilege against self incrimination is proper. Curcio v. United States (354 U. S. 118) is determinative of the question. In that case a Special Grand Jury in the United States District Court for the Southern District of New York was investigating racketeering in the garment and trucking industries in Nbav York City. Joseph Curcio, the secretary-treasurer of Local 269 of the International Brotherhood of Teamsters, was subpoenaed to appear before the Grand Jury and to produce the union’s books and records. He appeared and testified before the Grand Jury that he was the secretary-treasurer of Local 269; that the union had books and records; that they Avere not then in his possession. He then refused on the ground of self incrimination to answer any questions pertaining to the whereabouts or who had possession of the books and records he had been ordered to produce. His assertion of self incrimination was overruled and he was summarily adjudged guilty of criminal contempt. The conviction related solely to Curcio’s failure to answer questions asked pursuant to the subpoena ad testificandum. He was not charged with failure to produce the books demanded in the subpoena duces tecum. The Court of Appeals affirmed the conviction (234 F. 2d 470). The United States Supreme Court reversed the conviction, holding that the petitioner’s personal privilege against self' incrimination attached to the questions relating to the whereabouts of the union’s books and records Avhich he did not produce pursuant to the subpoena, stating (pp. 123-124, 128):
“ A custodian, by assuming the duties of his office, undertakes the obligation to produce the books of which he is custodian in response to a rightful exercise of the State’s visitorial powers. *49 But he cannot lawfully be compelled, in the absence of a grant of adequate immunity from prosecution, to condemn himself by his own oral testimony. * * *
“ The compulsory production of corporate or association records by their custodian is readily justifiable, even though the custodian protests against it for personal reasons, because he does not own the records and has no legally cognizable interest in them. However, forcing the custodian to testify orally as to the whereabouts of nonprodueed records requires Mm to disclose the contents of his own mind. He might be compelled to convict himself out of his own mouth. That is contrary to the spirit and letter of the Fifth Amendment.” (Emphasis supplied.)
The witness Tretola was not granted immunity. I therefore sustain his assertion of privilege against self incrimination.